UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GEOFFREY GRAFF,

          Petitioner,

v.                                Case No. 20-CV-1251

EARNELL LUCAS,

          Respondent.

# ORDER GRANTING PETITIONER'S MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND RECOMMENDATION THAT THE PETITION BE DISMISSED

Geoffrey Graff is awaiting trial in Milwaukee County Circuit Court. (ECF No. 1 at 2.) On August 14, 2020, Graff filed a petition for a writ of habeas corpus in this court pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Graff asserts that he is being held in violation of his right to a speedy trial. Although Graff stated he was in the Milwaukee County Jail when he filed his petition, the docket of the underlying state court proceedings states that Graff was released on bond on September 8, 2020. *State v. Graff*, 2019CF005184 (Milwaukee Cnty. Cir. Ct.), available at https://wcca.wicourts.gov. Although released from jail, a person released on bond is generally still "in custody" for purposes of 28

U.S.C. § 2241(c)(3). *See Justices of Bos. Mun. Court v. Lydon*, 466 U.S. 294, 301, 104 S. Ct. 1805, 1810 (1984)

Graff also filed two motions to proceed without prepayment of the filing fee. (ECF Nos. 3, 4.) Although the filing fee is only $5.00, based on Graff's trust account statement (ECF No. 5) the court finds he lacks the resources to pay this fee. Therefore, his motions (ECF Nos. 3, 4) will be granted.

In accordance with Rule 1(b) of the Rules Governing Section 2254 Cases and Civil L.R. 9(a)(2), the court applies the Rules Governing Section 2254 cases to petitions for a writ of habeas corpus under 28 U.S.C. § 2241. The court must now screen the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4 of the Rules Governing Section 2254 Cases.

Graff asserts that he has been in custody since November 20, 2019. (ECF No. 1 at 2.) He filed a motion for a speedy trial in circuit court on April 20, 2020. (ECF No. 1 at 6.) A trial was scheduled for July 20, 2020, but was not held. (ECF No. 1 at 6.)

In Wisconsin, a person charged with a felony generally must be brought to trial within 90 days of his demand for a speedy trial. Wis. Stat. § 971.10. If a trial does not start by the deadline, the defendant must be released from pretrial custody. *Id.*

"Federal habeas corpus relief does not lie for errors of state law." *Lechner v. Frank*, 341 F.3d 635, 642 (7th Cir. 2003) (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)); *Tatum v. Meisner*, No. 13-C-1348, 2014 U.S. Dist. LEXIS 134528, at *3 (E.D. Wis. Sep. 24, 2014) (discussing Wis. Stat. § 971.10); *Franklin v. Bartow*, No. 09-CV-664, 2009 U.S. Dist. LEXIS 118040, at *11 (E.D. Wis. Dec. 18, 2009) (same); *see also Roth v. Lundell*, No. 05-C-148-C, 2005 U.S. Dist. LEXIS 8195, at *12 (W.D. Wis. May 4, 2005) (noting that a violation of Wis. Stat. § 971.10 would not state a claim under 42 U.S.C. § 1983). Even if Graff could show that the Milwaukee County Circuit Court failed to comply with Wisconsin's speedy trial statute, it would not entitle him to federal habeas corpus relief.

Graff also asserts his constitutional right to a speedy trial has been violated. (ECF No. 1 at 6.) Violations of the constitutional right to a speedy trial embodied in the Sixth Amendment may merit federal habeas corpus relief under 28 U.S.C. § 2241. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). Thus, a person in state custody may turn to a federal court under section 2241 to demand that the state provide him with the speedy trial he is constitutionally guaranteed. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010). However, if a petitioner seeks dismissal of the charges against him, at a minimum he must first exhaust his remedies in state court before turning to federal court. *Graf v. Clarke*, No. 14-C-1205, 2014 U.S. Dist. LEXIS 149218, at *3 (E.D. Wis. Oct. 20, 2014); *see also Powell v. Saddler*, No. 12 C 2928, 2012 U.S. Dist. LEXIS 126671, at *18 (N.D. Ill. Sep. 6, 2012) (noting that abstention is required

if the petition seeks to enjoin state court proceedings due to a speedy trial violation, but abstention is not required "where a petitioner seeks to enforce his right to a speedy trial by having a federal court order that a trial take place"); *Hirsch v. Smitley*, 66 F. Supp. 2d 985, 987 (E.D. Wis. 1999) ("Speedy trial considerations can also be a basis for such relief, but only where the petitioner is seeking to force a trial; they are not a basis for dismissing a pending state criminal charge outright.").

Graff seeks dismissal of the charges against him. (ECF No. 1 at 7.) Consequently, comity requires that this court allow the state court the first opportunity to address Graff's claim. Because Graff has not exhausted his remedies in state court, this court cannot consider whether dismissal of the charges against him is appropriate. Moreover, Graff seeks damages for his detention. Damages are not available by way of a petition for a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 481, 114 S. Ct. 2364, 2369 (1994).

Graff also presents other claims in his petition (ECF No. 1) and in a supplement to his petition (ECF No. 7). Graff must exhaust his remedies in state court prior to presenting these claims to a federal court by way of a petition for a writ of habeas corpus. Moreover, claims under the Fourth Amendment generally are not cognizable in a habeas petition.

A habeas petitioner may obtain federal habeas review of a Fourth Amendment claim only if he can show "(1) that the state court denied him a full and fair hearing on his claim, and (2) that the claim was meritorious." *Monroe*, 712 F.3d at 1113. "A petitioner

has had the benefit of such an opportunity so long as (1) he clearly apprised the state court of his Fourth Amendment claim along with the factual basis for that claim, (2) the state court carefully and thoroughly analyzed the facts, and (3) the court applied the proper constitutional case law to those facts." *Miranda v. Leibach*, 394 F.3d 984, 997 (7th Cir. 2005) (citing *Pierson v. O'Leary*, 959 F.2d 1385, 1391 (7th Cir. 1992); *Cabrera v. Hinsley*, 324 F.3d 527, 531-32 (7th Cir. 2003); *Hampton v. Wyant*, 296 F.3d 560, 563-64 (7th Cir. 2002)). "The examples of situations that would fail to satisfy these requirements are extreme: the judge taking bribery, sleepwalking, saying something as egregious as 'probable cause is not required in Illinois.'" *Haakenstad*, 2017 U.S. Dist. LEXIS 212933, at *12 (quoting *Cabrera*, 324 F.3d at 531). "Only if the court's error 'betray[s] an unwillingness on the part of the [state] judiciary to treat [the petitioner's] claim honestly and fairly' will a federal habeas court reach the merits of the Fourth Amendment challenge." *Haakenstad*, 2017 U.S. Dist. LEXIS 212933, at *12 (quoting *Monroe*, 712 F.3d at 1114.)

Because there is no indication that Graff has exhausted his state court remedies regarding his claims (for example, that he has attempted to present it to an appellate court, *see United States v. Castor*, 937 F.2d 293, 297 (7th Cir. 1991)), the court will recommend that his petition be dismissed.

**IT IS THEREFORE ORDERED** that Graff's motions to proceed without prepayment of the filing fee (ECF Nos. 3, 4) are **granted**.

**IT IS FURTHER RECOMMENDED** that Graff's petition and this action be dismissed for failure to exhaust his remedies in state court.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 16th day of September, 2020.

WILLIAM E. DUFFIN
U.S. Magistrate Judge