# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| GEOFFREY GRAFF,<br><br>    Petitioner,<br><br>v.<br><br>EARNELL LUCAS,<br><br>    Respondent. | Case No. 20-CV-1251-JPS<br><br>**ORDER** |

  On August 14, 2020, Geoffrey Graff ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket #1). Petitioner's claims stem from the Milwaukee Circuit Court's delay of his trial. (*Id.* at 2). Petitioner filed a motion for a speedy trial in circuit court in April 2020, and the circuit court scheduled his trial for July 20, 2020. The circuit court vacated both the July 20 and the later-scheduled September 8, 2020 trial dates. The circuit court has not yet held Petitioner's trial.

  Although Petitioner asserts that he has been in custody since November 20, 2019, it appears that the circuit court released him on bond on September 8, 2020. *State of Wisconsin v. Geoffrey C. Graff*, 2019CF005148 (Milwaukee Cty. Cir. Ct.) *available at* https://wcca.wicourts.gov. However, a person released on bond is generally considered to be "in custody" under § 2241. *See Justices of Bos. Mun. Ct. v. Lydon*, 466 U.S. 294, 300–01 (1984).

  Petitioner alleges that the state has violated his Sixth Amendment right to a speedy trial. (Docket #1 at 6). He also claims that law enforcement officers violated his Fourth, Fifth, and Fourteenth Amendment rights when they searched his home without a search warrant. (*Id.*) Further, he claims that the Assistant District Attorney's presence during the search tainted the

investigation, violating his due process rights. (*Id.*) Petitioner also asserts that he was not given "full discovery" and that the audio and video footage provided to him has been edited. (*Id.* at 7). Lastly, Petitioner claims that officers did not read him his Miranda rights until "almost the end" of his interrogation. (*Id.*) Petitioner asks this Court to, among other things, dismiss his case and compensate him for his time and suffering while he was incarcerated. (*Id.*) Notably, Petitioner does not request that this Court force the circuit court to hold his trial.

On September 16, 2020, Magistrate Judge William E. Duffin, to whom this case was initially assigned, screened Petitioner's petition pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases. Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Rule 1(b) gives the district court the authority to apply the Rules Governing Section 2254 Cases to other habeas corpus cases, such as those requesting relief pursuant to § 2241. *See also* Civ. L.R. 9(a)(2).

Magistrate Judge Duffin recommended that this Court dismiss Petitioner's case in its entirety. (Docket #8 at 5). First, Magistrate Judge Duffin made clear that, to the extent Petitioner was challenging the state circuit court's application of Wisconsin's speedy trial statute, Wisconsin Statutes section 971.10, Petitioner would not be entitled to federal habeas relief. (*Id.* at 3). This is because "[f]ederal habeas corpus relief does not lie

for errors of state law . . . ." *Lechner v. Frank*, 341 F.3d 635, 642 (7th Cir. 2003) (citation omitted).

Addressing Petitioner's Sixth Amendment claim, Magistrate Judge Duffin recognized that "a person in state custody may turn to federal court under section 2241 to demand that the state provide him with the speedy trial he is constitutionally guaranteed." (Docket #8 at 3) (citing *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489–92 (1973); *Sweeny v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010)). However, when a petitioner does not seek a speedy trial but instead seeks dismissal of the charges against him, the petitioner must first exhaust his remedies in state court. (Docket #8 at 3); *Hirsch v. Smitley*, 66 F. Supp. 2d 985, 987 (E.D. Wis. 1999) ("Speedy trial considerations can also be a basis for such relief, but only where the petitioner is seeking to force a trial; they are not a basis for dismissing a pending state criminal charge outright."); *Blanck v. Waukesha Cty.*, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999) ("While not explicitly required by § 2241(c)(3), the interests of comity have caused courts to apply the doctrine of exhaustion of state remedies to pretrial habeas petitions.") (citation omitted). A petitioner exhausts his state remedies when he presents his claims to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004)). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Because Petitioner is not requesting that this Court force a trial, but instead seeks dismissal of the state charges against him, he must first

exhaust his state court remedies.[1] This is because a district court may not address the merits of a constitutional claim raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Thus, at this juncture, this Court cannot consider whether dismissal of the charges against Petitioner is appropriate. Because Petitioner has not exhausted his other federal habeas claims, Magistrate Judge Duffin recommended that this Court similarly dismiss those claims. (Docket #8 at 4).

In accordance with 28 U.S.C. § 636(b)(1)(B), (C) and Federal Rule of Civil Procedure 72(b)(2), Magistrate Judge Duffin gave Petitioner fourteen days from the date of service of his report and recommendation to file any objections. (*Id.* at 6). Magistrate Judge Duffin noted that by failing to object, Petitioner was waiving his right to appeal. (*Id.*); *Ammons-Lewis v. Metro. Water Reclamation Dist. of Greater Chi.*, 543 Fed. Appx. 591, 594–95 (7th Cir. 2013) (citations omitted). To date, Petitioner has not filed an objection.

Based on the foregoing, this Court will adopt Magistrate Judge Duffin's report and recommendation and dismiss this action without prejudice. Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that

---

[1] Petitioner also seeks compensation from this Court, however, "[d]amages are not available by way of a petition for a writ of habeas corpus." (Docket #8 at 4) (citing *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)).

the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether Petitioner's petition should have been resolved differently. As a consequence, the Court is compelled to deny a certificate of appealability as to his petition.

Accordingly,

**IT IS ORDERED** that Magistrate Judge William E. Duffin's report and recommendation (Docket #8) be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for failure to exhaust; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 11th day of December, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge